UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA,  :  05 Cr. 238 (SHS)

-against-  :  OPINION & ORDER

ANGEL RODRIGUEZ,  :

                         Defendant.  :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

Angel Rodriguez files this *pro se* application pursuant to 28 U.S.C. § 2255 to vacate or set aside his sentence.

I.     BACKGROUND

On March 23, 2006, a jury convicted Rodriguez on all three counts of the indictment with which he was charged, namely: (1) conspiring to distribute or possess with intent to distribute five kilograms or more of mixtures or substances containing cocaine and 100 grams or more of mixtures or substances containing heroin; (2) distributing or possessing with intent to distribute five kilograms or more of mixtures or substances containing cocaine; and (3) distributing or possessing with intent to distribute 100 grams or more of mixtures or substances containing heroin. Following his conviction, petitioner moved pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure for a judgment of acquittal or, alternatively, a new trial. This Court denied both motions in an Opinion and Order dated July 6, 2006, finding that the evidence was sufficient to support the jury's verdict and the interests of justice did not require a new trial. *United States v. Rodriguez*, 05 Crim. 238, 2006 U.S. Dist. LEXIS 46617 (S.D.N.Y. July 6, 2006). On May 10, 2007, this Court sentenced Rodriguez principally to 63 months in prison. Rodriguez appealed those determinations and

the Second Circuit affirmed. *United States v. Rodriguez*, 294 Fed. Appx. 657, 2008 U.S. App. LEXIS 20960 (2d Cir. 2008).

In this petition, Rodriguez claims that (1) his counsel was ineffective, (2) evidence used to convict him was obtained pursuant to an unlawful arrest and in violation of his privilege against self-incrimination, and (3) he was prosecuted maliciously. For the reasons set forth below, the petition is denied.

**II.   DISCUSSION**

    A.   <u>Ineffectiveness of Counsel</u>

To establish a claim of ineffective assistance of counsel, Rodriguez must show both that: (1) his counsel's performance was objectively unreasonable under professional standards prevailing at the time, and (2) this deficient performance resulted in prejudice to his case. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009). Under the first prong, petitioner must establish that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. There is a "strong presumption" that the conduct of Rodriguez's counsel fell within the broad spectrum of reasonable professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (citing *Strickland*, 466 U.S. at 688-89). To satisfy the second prong, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Rodriguez contends that his counsel was ineffective because (1) he failed to move to dismiss the conspiracy and distribution charges against Rodriguez in the indictment, (2) he did not allow Rodriguez to take a lie detector test, and (3) he did not subpoena the confidential informant to testify at trial. None of these assertions establish an ineffective assistance of counsel claim under the *Strickland* test and the facts of this action.

2

### *1. Failure to Move to Dismiss the Conspiracy and Distribution Charges*

Rodriguez argues that his counsel was ineffective because he should have moved to dismiss the conspiracy and distribution counts in the indictment given the lack of evidence to support these charges. However, the trial record included ample evidence to support the conspiracy and distribution charges. Indeed, the jury found Rodriguez guilty of conspiracy as well as the substantive offenses of distribution or possession with intent to distribute cocaine and heroin. Telephone records showing numerous calls between Rodriguez's phone and the phone number where the confidential informant (who was posing as a narcotics purchaser) had contacted Jose (the seller of the narcotics) as well as recorded conversations between Rodriguez and the confidential informant provided a sufficient basis for the jury's finding that Rodriguez was part of a conspiracy to distribute narcotics. That Rodriguez delivered a box containing 5,500 grams of cocaine and 812.4 grams of heroin to the confidential informant supported the jury's finding that Rodriguez was guilty of the substantive offense of distribution. Therefore, Rodriguez's counsel's decision not to move to dismiss the conspiracy and distribution charges was not objectively unreasonable. *See United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995) (counsel's failure to file a meritless motion cannot be ineffective assistance).

### *2. Refusal to Allow Petitioner to Take a Lie Detector Test*

Rodriguez alleges that his counsel was ineffective because he refused to allow Rodriguez to take a lie detector test that would have proven Rodriguez's innocence. As an initial matter, the results of a lie detector test, even if favorable to Rodriguez, would almost certainly have been inadmissible at trial. *See United States v. Ruggiero*, 100 F.3d 284, 292 (2d Cir. 1996); *United States v. Kwong*, 69 F.3d 663, 668 (2d Cir. 1995). Moreover, even if Rodriguez could have used favorable results from a lie detector test as leverage during negotiations with the government, Rodriguez's counsel made the tactical decision that

3

Rodriguez should not take the test and there is no evidence that this decision was incorrect. *See United States v. Smith*, 198 F.3d 377, 386 (2d Cir. 1999) (reasonable strategic calls do not support ineffective assistance claim).

### 3. *Failure to Subpoena Confidential Informant to Testify*

Rodriguez asserts that his counsel was ineffective because, in defiance of Rodriguez's request, he did not subpoena the confidential informant to testify at trial. Rodriguez claims that the confidential informant would have testified that he did not know Rodriguez and that such testimony would have proven Rodriguez's innocence. It is well-settled, however, that "trial counsel is entitled to broad discretion in choosing a witness list," *Frias v. United States*, 01 Crim. 307, 2010 U.S. Dist. LEXIS 94856, at *9 (S.D.N.Y. Sept. 13, 2010), and "counsel's decision as to 'whether to call specific witnesses — even ones that might offer exculpatory evidence — is ordinarily not viewed as a lapse in professional representation.'" *United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000) (quoting *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997), *cert. denied*, 522 U.S. 846 (1997)). This is true primarily because "[t]he decision not to call a particular witness is typically a question of trial strategy." *Bierenbaum v. Graham*, 607 F.3d 36, 55 (2d Cir. 2010) (citations omitted). In this case, Rodriguez's counsel met with the confidential informant and then made the strategic decision not to call him as a witness. (Trial Tr. at 232:5-14.)

Accordingly, Rodriguez's ineffective assistance of counsel claim is without merit.

### B. Use of Evidence Obtained Pursuant to Allegedly Unlawful Arrest

Rodriguez claims that his arrest was unlawful because the government knew that Rodriguez was not the person from whom the confidential informant made arrangements to buy drugs. The Court construes this as an argument that the government should have prosecuted Jose, who sold the narcotics to the confidential informant, rather than Rodriguez, who merely delivered the narcotics. Even assuming that Jose had a more central role in the

4

conspiracy than Rodriguez, this does not mean that Rodriguez was not also a conspirator. Indeed, the jury found Rodriguez guilty of conspiracy. Rodriguez's claim that the government should have prosecuted Jose instead of him, and therefore his arrest was unfounded and the narcotics should not have been admitted into evidence, is without merit.

### C. Violation of Privilege Against Self-incrimination

Rodriguez alleges that, upon his arrest, government agents goaded him into answering questions in violation of his *Miranda* rights. *See Miranda v. Arizona*, 384 U.S. 436 (1966). However, the circumstances surrounding Rodriguez's arrest and his *Miranda* waiver were thoroughly explored at trial. The trial record, including the testimony of Edward Corcoran (Trial Tr. 111-14) and Philip Klemick (*id.* at 137-39)—members of a Drug Enforcement Administration task force—and Rodriguez himself (*id.* at 200, 206), demonstrates that before Rodriguez was questioned he was advised of his *Miranda* rights, which he voluntarily and knowingly agreed to waive. *See Moran v. Burbine*, 475 U.S. 412, 421 (1986). Thus, there is no factual basis whatsoever to believe that Rodriguez's constitutional rights were violated.

### D. Malicious Prosecution

Finally, Rodriguez contends that his conviction was the result of a malicious and racially-motivated prosecution and that he is actually innocent. However, he provides no factual basis for this conclusory assertion nor is there any evidence to support it in the record. Furthermore, none of the elements required to sustain a malicious prosecution claim— namely, a lack of probable cause for commencing the criminal proceeding against Rodriguez, malice as a motivation for the government's actions, and the termination of the proceeding in Rodriguez's favor—have here been satisfied. *See Manganiello v. City of N.Y.*, 612 F.3d 149, 161 (2d Cir. 2010). Rodriguez's malicious prosecution claim thus provides no basis for relief.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion pursuant to 28 U.S.C. § 2255 is denied and the petition is dismissed;

2. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(1)(B); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007); and

3. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Opinion and Order would not be taken in good faith.

Dated: New York, New York
December 22, 2010

SO ORDERED:

*[signature]*

Sidney H. Stein, U.S.D.J.